ABRAHAM SANBORN *versus* NATHAN L. MERRILL.

The *prochein ami*, as such, is not liable for costs which may be recovered against the plaintiff, in case the suit is unsuccessful.

The promise to answer for the debt or default of another must be in writing, to be valid.

*But* when a person *originally* undertakes to pay for services performed for, or goods furnished to another, he is liable therefor, and the promise need not be in writing.

On Report from *Nisi Prius*, Cutting, J., presiding.

This was an action of Assumpsit. The writ contained two counts, one on the express promise of the defendant, &c., the other on an account annexed, brought by the plaintiff, an attorney and counselor, to recover costs of Court and fees in the following described case.—The action was originally commenced in District Court, May term, 1851, Martha J. Merrill, by her next friend, *N. L. Merrill* v. *Matthew Ritchie*, January term, 1852. There was a trial and a verdict for defendant. An appeal was entered to Supreme Judicial Court, Oct. term, 1852. In the mean time Martha J. Merrill married James W. Leveston, and he came into Court and prosecuted the action with his wife, the name of N. L. Merrill being left off. The plaintiff, in that case, leaving the State, an indorser was called for, and the plaintiff in this case put his name on the writ. The action finally resulted in a verdict for defendant.

A. L. Simpson, called by the plaintiff, testified, that he was " counsel for defendant, Matthew Ritchie, in the original case. Mr. Sanborn argued the case for the plaintiff, and managed it

throughout. After the trial in S. J. Court, where the action was brought by appeal from District Court, the defendant Merrill, was in my office and complained somewhat of the course which was taken in defence in the case. We had offered to prove on the last trial, that Mr. Sanborn took the case to carry on, on shares, which testimony was ruled out. Merrill complained because we offered to prove that; he said there was no such thing in fact; that he employed Mr. Sanborn in the first instance to carry on the suit, and agreed to pay him, and he should pay him. The husband of the minor being out of the State, I moved for an indorser, and Mr. Sanborn indorsed the writ, after consulting with Mr. Merrill."

It was submitted to the Court to decide whether this action can be maintained. If so, the defendant is to be defaulted for such sum as any member of the Court may adjudge to be due; otherwise plaintiff is to become nonsuit.

*A. Sanborn*, for plaintiff.

*Hillard & Flagg*, for defendant.

APPLETON, J. — The *prochein ami*, as such, is not liable for the costs which may be recovered against the plaintiff, in case the suit should be unsuccessful. *Crandall* v. *Slaid*, 11 Met. 288. The infant plaintiff is liable for costs. *Smith* v. *Floyd*, 1 Pick. 275.

The promise to answer for the debt or default of another must be in writing, to bind the person thus promising. But an individual may originally undertake to pay for services which are to be rendered, or for goods which are to be delivered another. The question in such cases is, on whose credit the services are rendered or the goods delivered. Nothing is clearer, than that a person may contract for the performance of services in which he is in no way personally interested. It is of no importance to the individual performing them, who is to be thereby benefited. It is sufficient for him, that he performed them at the instance and on the credit of his employer. In such case, the promise need not be in writing.

The defendant has admitted that he employed the plaintiff

to perform the specific service rendered. He never discharged him from his retainer. His liability must be regarded as justly continuing till the termination of the particular service, upon which he was retained to enter.

*Defendant defaulted.*

TENNEY, C. J., and HATHAWAY, MAY, and GOODENOW, J. J., concurred.